

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,376-01

### EX PARTE EDWARD MARTINEZ CORONADO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 08-04-0175-CRA-A IN THE 81ST DISTRICT COURT FROM ATASCOSA COUNTY

*Per curiam. Hervey, J. not participating.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to thirty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Coronado v. State*, No. 04-09-00140-CR (Tex. App.—San Antonio May 12, 2010)(not designated for publication).

Applicant contends that he was denied his right to counsel during the hearing on the motion for new trial because he had no counsel when his trial counsel was testifying regarding his own ineffectiveness at trial. He also alleges that his trial counsel rendered ineffective assistance by having

a conflict of interest during the motion for new trial and by failing to request a jury instruction regarding multiple assailants to support his self-defense claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether Applicant was denied counsel at any point during the hearing on the motion for new trial. The trial court shall make a finding as to whether trial counsel had a conflict of interest during the hearing on a motion for new trial. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel or appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: May 23, 2018
Do not publish